IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY R. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2667-S-BN |
| | § | |
| MERRICK BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Randy R. Moore filed this *pro se* action, which the presiding United States district judge referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

Defendant Merrick Bank ("Merrick") moved to dismiss Moore's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 14. As allowed by an order of the Court and the Court's local rules, a response and a reply were filed. *See* Dkt. Nos. 15, 17, & 18; N.D. TEX. L. CIV. R. 7.1. And the Court ordered stricken and unfiled a filing by Moore construed as an unauthorized surreply and denied as moot Merrick's response to that filing. *See* Dkt. Nos. 19-21.

Moore also moved for leave to file an amended complaint. *See* Dkt. No. 16. And a response and reply were filed. *See* Dkt. Nos. 17 & 18.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, deny the motion for leave to amend, and dismiss this lawsuit.

**Discussion**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted). And the Court must first consider the Rule 12(b)(1) grounds for dismissal.

Moore chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Moore invokes federal question jurisdiction under Section 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial,

disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

While Moore cites a federal statute, the Federal Reserve Act, merely citing a federal statute does not establish jurisdiction under Section 1331 where no facts alleged in the complaint could demonstrate a violation of the statute cited.

And the Federal Reserve Act fails to provide a private cause of action, such that it could support jurisdiction under Section 1331. *See Patterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602-O-BH, 2009 WL 4884151, at *3 (N.D. Tex. Dec. 15, 2009) ("When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must expressly or implicitly provide a private cause of action or else a federal court will not have subject matter jurisdiction to hear the dispute." (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986))); *Hicks v. Capital Bank*, No. 3:24-cv-517-G, 2024 WL 1287626, at *1 (N.D. Tex. Mar. 26, 2024)

(observing "that the Federal Reserve Act does not provide individuals with a private cause of action" and that reliance on the so-called Bills of Exchange Act, which is not a federal statute, is "similarly frivolous" (citations omitted)); *see also Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." (quoting *Merrell Dow*, 478 U.S. at 813)).

The Court should therefore dismiss the amended complaint for lack of subject matter jurisdiction.

But, if there somehow is subject matter jurisdiction, the Court should still dismiss Moore's complaint because it fails to allege a plausible claim. And his proposed amended complaint is similarly deficient, so granting leave to amend would be futile.

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as

plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions. So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

And, while "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (cleaned up).

Even so, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

As set out above, the facts alleged in the operative complaint (citing the Federal Reserve Act and the Bills of Exchange Act) fail to allege a claim under the only viable statute invoked.

So the undersigned will focus on the claims as alleged through the proposed amended pleading, which adds a citation to the Truth in Lending Act ("TILA") and the Equal Credit Opportunity Act ("ECOA"), both actual federal statutes, but includes no facts to support a violation of either. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705-06 (5th Cir. 2017) ("To state a claim for relief under the ECOA, the plaintiffs must plausibly show that they were discriminated against in violation of the statute. More specifically, the complaint must plausibly allege that (1) each plaintiff was an 'applicant'; (2) the defendant was a 'creditor'; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class." (citations and footnote omitted)); *Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 3:10-cv-1965-M, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) ("Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated.").

But, putting aside the statutes cited and focusing just on the facts alleged, a defendant's failing to return a negotiable instrument that Moore sent to it unprompted neither results in a breach of contract nor a breach of fiduciary duties.

Starting with the breach-of-contract claim, "[f]orming a valid contract under Texas law requires: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding."

*U.S. Bank Nat'l Ass'n v. Richardson*, No. 3:17-cv-2271-L, 2019 WL 1115059, at *3 (N.D. Tex. Mar. 11, 2019) (cleaned up).

"Once a valid contract is formed, to assert a claim for its breach under Texas law, a plaintiff must establish (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Id.* (cleaned up).

But Moore fails to allege facts to support all (if any) of the required elements.

The same is true for the alleged breach of fiduciary duty where Moore, for example, fails to even offer facts that could show the existence of a fiduciary relationship between Merrick and him. *See, e.g.*, *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 215 (5th Cir. 2018) ("The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (quoting *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 581 (5th Cir. 2015) (quoting, in turn, *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App. – Dallas 2010, no pet.)))).

In sum, dismissal is also appropriate under Rule 12(b)(6). And granting leave to amend would be futile.

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 14], deny the motion for leave to amend [Dkt. No. 16], and dismiss this lawsuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 16, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE